In the Matter of the Claim of GEORGE BIKTJORN, Respondent, v. WORLEY HOMES, INCORPORATED, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding that the claimant was an employee of Worley Homes, Inc., appellant. The claimant is a carpenter. He entered into a written contract with Worley Homes, Inc., to purchase a home for $12,200. The down payment was to be 10% or $1,200. Typed on the back of the contract for the purchase of the house was the following: "Purchaser agrees to do following work as part of down payment: Framing and sheathing, $310. Roofing and siding, $108. Trimming $80. Laying of floors, $42" for a total of $540. While performing this work and standing on a scaffold furnished by Worley the claimant fell and fractured his right ankle. The materials which were used in the work as well as a power saw were supplied by Worley. Worley performed work on the house both before and after the claimant worked on the house. The Referee found an employer-employee relationship between the claimant and Worley and the board affirmed. There is no indication in the record, which is quite brief, that any control was exercised over the claimant. It appears that the work claimant was to do was agreed upon and that he did it in his own manner. Additionally it would not seem that Worley could have discharged him had it seen fit. The method of payment was a lump sum applied against the down payment and this again indicates the status of independent contractor. We have here a claimant who is a carpenter, a skilled worker, who was working on his own house. Although Worley did furnish some tools it would appear that the claimant had tools of his own. The board contends that the question of employer-employee relationship here is within the realm of its fact-finding power. *Matter of Klein* v. *Sunrise Bldg.* Co. (7 A D 2d 805, motion for leave to appeal denied 5 N Y 2d 711) cited by the board is not in point. In that case the carpenter was not working on his own home but had entered into a contract to do work as a subcontractor. In our view claimant would not be classified as an employee under either of the prevailing tests of employer-employee relationship. As to the "relative-nature-of-work" test it appears that claimant's work had no relation to Worley's business other than as it was connected with claimant's contract of purchase. (See 1 Larson, Workmen's Compensation Law, § 43.52, pp. 632–634.) As to the "control" test there is no evidence that Worley had a right to control or exercised any control over the details. Certainly there was no right to discharge and the method of payment was not indicative of an employer-employee relationship. (1 Larson, Workmen's Compensation Law, § 44.00, p. 637.) Award reversed and claim

dismissed, with costs to the appellants against the Workmen's Compensation Board.